# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IRONBURG INVENTIONS LTD. a United Kingdom Limited Company,<br><br>Plaintiff,<br><br>    vs.<br><br>VALVE CORPORATION, a Washington Corporation,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ironburg Inventions Ltd. ("Plaintiff"), by and through counsel, file this complaint for patent infringement and demand for jury trial ("Complaint") against Valve Corporation ("Defendant").

Plaintiff alleges as follows:

### PARTIES

1.Plaintiff Ironburg Inventions Ltd. ("Ironburg") is a company organized and existing under the laws of the United Kingdom having its principal place of business at 10 Market Place, Wincanton, BA9 9LP, Great Britain.

2. Ironburg conducts business in the United States by and through Scuf Gaming International, LLC ("Scuf Gaming"), a Georgia-based manufacturer, wholesaler, retailer, and restorer of custom video game equipment and accessories, including video game controllers ("gaming controllers"), which include Plaintiff's patented technology.

3. On information and belief, Defendant Valve Corporation ("Valve") is a corporation organized and existing under the laws of the State of Washington, having a place of business at 10900 NE 4th Street, Suite 500, Bellevue, Washington 90084.

## JURISDICTION AND VENUE

4. This is a Complaint for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

5. Defendant has committed acts and continues to commit acts within this District giving rise to this action, and venue is proper under 28 U.S.C. § 1391(b) and §1400(b).

## FACTUAL BACKGROUND

6. As part of its business, Plaintiff licenses its patents, including to Scuf Gaming and Microsoft Corporation.

7.     On information and belief, Defendant is presently making, using, importing, marketing, selling, and/or offering to sell gaming controllers, including but not limited to Defendant's Steam Controller, in this District and elsewhere in the United States that incorporate Plaintiff's patented technology.

## THE PATENTS IN SUIT

8.     On February 4, 2014, United States Patent No. 8,641,525 (hereafter the "'525 Patent") entitled, "CONTROLLER FOR VIDEO GAME CONSOLE," was duly and legally issued to Plaintiff Ironburg.  A copy of the '525 Patent is annexed hereto as **Exhibit A**.

9.     On July 28, 2015, United States Patent No. 9,089,770 (hereafter the "'770 Patent") entitled, "CONTROLLER FOR VIDEO GAME CONSOLE," which is a continuation of the '525 Patent, was duly and legally issued to Plaintiff Ironburg. A copy of the '770 Patent is annexed hereto as **Exhibit B**.

10.    Plaintiff Ironburg is the owner and assignee of record of the '525 and the '770 Patents.

## COUNT I
### (Infringement Of U.S. Patent No. 8,641,525)

11.    Plaintiff repeats and realleges Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     Defendant's gaming controller products, including but not limited to Defendant's Steam Controller, include inventions disclosed and claimed in the '525 Patent.  Defendant has infringed and continues to infringe the '525 Patent literally and under the doctrine of equivalents through the manufacture, use, offer for sale, sale, and/or importation of said gaming controller products in the United States.

13.     Defendant's acts of infringement of the '525 patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

14.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '525 patent.

15.     On information and belief, Defendant acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and the objectively defined risk was either known or should have been known to the Defendant.  Defendant's infringement, which has been with actual notice of the '525 patent, has been and is willful, and Plaintiff is therefore entitled to enhanced damages for willful infringement.

16. This case is exceptional, and therefore, Plaintiff is also entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II
### (Infringement Of U.S. Patent No. 9,089,770)

17. Plaintiff repeats and realleges Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

18. Defendant's gaming controller products, including but not limited to Defendant's Steam Controller, include inventions disclosed and claimed in the '770 Patent. Defendant has infringed and continues to infringe the '770 Patent literally and under the doctrine of equivalents through the manufacture, use, offer for sale, sale, and/or importation of said gaming controller products in the United States.

19. Defendant's acts of infringement of the '770 patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

20. This case is exceptional, and therefore, Plaintiff is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

21. Plaintiff is also entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '770 patent.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.  The entry of judgment declaring that Defendant has infringed each of the Patents-in-Suit;

B.  An award of all available damages, including, but not limited to any lost profits from Defendant's infringement of the Patents-in-Suit, but in any event not less than a reasonable royalty, together with pre-judgment and post-judgment interest;

C.  An injunction restraining Defendant and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from further infringement of the Patents-in-Suit (as well as inducements of infringement and contributions to infringement of the Patents-in-Suit);

D. The entry of an order declaring that this is an exceptional case and awarding Plaintiff its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

E.  Enhanced and treble damages for willful infringement; AND

F.  An order awarding Plaintiff any such other relief as the Court may deem

just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: December 3, 2015  Respectfully submitted,

By: /Cynthia R. Parks/
Cynthia R. Parks, GA Bar No. 563929
PARKS IP LAW LLC
730 Peachtree St. NE, Suite 600
Atlanta, GA 30308
Telephone: (678) 365-4444
Facsimile: (678) 365-4450

Attorneys for Plaintiff
IRONBURG INVENTIONS LTD.

315624107.3